Challoner Morse MCBRIDE, Plaintiff-Appellant,

v.

WAUSAU INSURANCE COMPANIES and Daniel D. Whetter, Defendants-Respondents.

Court of Appeals

*No. 92–1169. Submitted on briefs March 30, 1993.—Decided April 20, 1993.*

(Also reported in 500 N.W.2d 387.)

For the plaintiff-appellant the cause was submitted on the briefs of *Challoner Morse McBride* of *McBride Law Office* of Sturgeon Bay.

For the defendant-respondent, Wausau Insurance Company, the cause was submitted on the brief of *John B. Edmondson* of *Schuch and Stilp Law Offices* of Appleton.

For the defendant-respondent, Daniel D. Whetter, the cause was submitted on the brief of *Richard A. Boltz* and *Paul A. Boltz* of *Boltz, Boltz & Boltz* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Challoner Morse McBride appeals a summary judgment dismissing her action against Wausau Insurance Companies and Daniel Whetter.

She contends that the trial court erred by concluding that she was not entitled to receive attorney's fees out of Lance Nelson, Jr.'s (Lance) settlement of his claim against the Gibraltar Area Schools and its insurer, Wausau Insurance Companies. McBride argues that she is entitled to receive her fees out of the settlement because (1) she has a statutory lien upon the settlement under sec. 757.36 to 757.38, Stats., and (2) she had a contractual lien with the Nelsons. Because we conclude that neither lien entitles McBride to fees, we affirm the judgment.

The underlying facts are undisputed. In July 1982, Lance's parents hired McBride to represent him in his action against the Gibraltar Area Schools arising from an accident that allegedly occurred in March 1982. In April 1983, Joan Nelson signed an attorney's fee agreement on Lance's behalf, creating an attorney's lien of "33⅓ percent of the recovery before or after commencing suit, but before substantial trial preparation; and 40 (forty) percent after substantial trial preparation; and a reasonable additional fee on appeal to the Court of Appeals." The Gibraltar Area Schools and its insurer, Wausau Insurance Companies, received notice of McBride's attorney's lien in May 1983.

Lance's first complaint was filed in January 1985 (Nelson I), two and one-half years after McBride was hired. No guardian ad litem for Lance, a minor, was requested or appointed. The trial court dismissed Nelson I in May 1985, because McBride had failed to serve a notice of claim on the school board as required by sec. 893.80(1)(b), Stats. McBride appealed the dismissal and we affirmed in October 1985.

In August 1985, immediately prior to our affirming the dismissal of Nelson I, McBride filed a second complaint on Lance's behalf (Nelson II). In October 1986, the trial court dismissed this action because McBride

failed to wait 120 days after serving the school board with the notice of claim before commencing the suit, as required by sec. 893.80(1)(b), Stats. McBride voluntarily dismissed her appeal of the trial court's decision in Nelson II.

In November 1986, McBride filed a third complaint on Lance's behalf (Nelson III). In May 1987, the trial court again dismissed the complaint because McBride failed to wait 120 days after serving the school board with the notice of claim before commencing the suit, as required by sec. 893.80(1)(b), Stats.

In June 1987, McBride filed a fourth complaint on Lance's behalf (Nelson IV). The trial court dismissed this complaint because the two-year statute of limitations in sec. 893.16, Stats., had run and because McBride had never properly commenced an action under sec. 893.80, Stats.

In May 1988, Lance filed a legal malpractice suit against McBride. Meanwhile, McBride appealed the trial court's dismissal of Nelson IV, and we reversed the trial court's dismissal in July 1988, because we concluded that the statute of limitations was tolled under sec. 893.13, Stats. Lance then voluntarily withdrew the malpractice suit against McBride. In November 1988, Lance discharged McBride and requested her to send his file to Whetter. Whetter received the file from McBride, as well as a letter offering assistance, in January 1989.

Lance's claim was ultimately settled for $47,400 plus costs in July 1989, seven years after the accident occurred. In September 1989, McBride sent a letter to Whetter claiming that she had a lien on 33⅓ percent of the settlement proceeds. McBride subsequently commenced this action to recover fees under her asserted attorney's lien.

All parties moved the trial court for summary judgment. In January 1992, the trial court granted summary judgment in favor of Wausau Insurance Companies and Whetter, dismissing McBride's complaint but granting her $58.37 in filing costs related to Nelson I. Based upon the undisputed facts, the court made the following conclusions of law: (1) Lance had a contract with McBride to represent him in his claim against the Gibraltar Area Schools; (2) after Lance reached the age of majority he continued to participate in the lawsuit and did not abrogate his contract with McBride until November 1988, when he discharged her for good cause; (3) Lance's letter to McBride requesting her to send his file to Whetter and his filing of the malpractice suit against her constituted notice that he desired to discharge her; (4) based upon the numerous attorney errors, McBride's actions were "demonstrably substandard" and "unbelievable," evincing lack of competence, prudence and interest in following the mandatory procedures to file a suit against a governmental entity and (5) McBride incurred filing costs related to Nelson I that should be reimbursed. Based upon these determinations, the trial court concluded that McBride was not entitled to attorney's fees out of the settlement proceeds.

Summary judgment is appropriate because the facts are undisputed. Section 802.08(2), Stats. When reviewing a grant of summary judgment, we apply the same methodology as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314-15, 401 N.W.2d 816, 820 (1987). Because that methodology is familiar, we need not repeat it here. *See id.*

McBride asserts entitlement to her attorney's fees under both a contractual lien and a statutory lien. The

first claim involves an interpretation of contract and application of the legal principles of contract law while the second involves statutory interpretation. We therefore analyze both issues as questions of law, suitable for summary judgment, independently of the trial court's determinations. *See Brandt v. LIRC*, 160 Wis. 2d 353, 361, 466 N.W.2d 673, 676 (Ct. App. 1991).

McBride's claim that she was entitled to a lien on the settlement proceeds by virtue of her contract with the injured plaintiff is valid only if she has the right to assert claims under the contract. However, "a party who violates an agreement should not be permitted to recover under the contract." *Hartford Elevator, Inc. v. Lauer*, 94 Wis. 2d 571, 580-81, 289 N.W.2d 280, 285 (1980). In this case, the trial court concluded from undisputed facts that McBride breached the retainer agreement between herself as an attorney and the injured plaintiff by failing to reasonably perform the legal services consistent with the standard of care required of her by her profession. This conclusion is amply supported by the undisputed facts. Each of the four lawsuits McBride initiated was aimed at preserving the cause of action that she endangered by her failure to follow the requirements of law. Lance received no benefit and indeed suffered a seven-year delay in the processing of his injury claim. Because this standard of conduct is below that required of attorneys as a matter of law, McBride failed to discharge her responsibility under the agreement to prosecute Lance's cause of action in a professional and reasonable manner. This failure breaches the terms of the agreement and precludes McBride from making any claim of benefits to which the agreement entitled her.

The court refused to enforce the lien because it concluded that the services rendered fell far below the

quality of professional services required. The court also concluded that McBride's repeated derelictions discharged the lien. We need not address the question whether this breach discharges the lien entirely or only reduces the lien to a claim for the reasonable value of the services rendered up to the time of the discharge for cause because the result will be the same: McBride would not be entitled to any attorney's fees.

The court concluded that because the numerous attorney errors rendered the performance demonstrably substandard, "unbelievable" and evincing a complete lack of competence and prudence, Lance received no benefit from any of McBride's services. The court also determined from the undisputed facts that the reasonable value of McBride's services is $58.37, the cost of filing the original complaint—the only service that arguably benefitted Lance. Thus, under a theory of quantum meruit, McBride would be entitled to no attorney's fees based on the reasonable value of her services. The determination that the only compensation to which McBride was entitled was the return of the filing fee advanced in Nelson I is consistent with the conclusion that the services were of no value to Lance and did nothing further to advance his claim.

McBride next claims entitlement to a lien on the settlement proceeds under sec. 757.36, Stats., which provides:

> Any person having or claiming a right of action, sounding in tort or for unliquidated damages on contract, *may contract with any attorney* to prosecute the action *and give the attorney a lien* upon the cause of action and upon the proceeds or damages derived in any action brought for the enforcement of the cause of action, as security for fees in the con-

duct of the litigation; when such agreement is made and notice thereof given to the opposite party or his or her attorney, no settlement or adjustment of the action may be valid as against the lien so created, provided the agreement for fees is fair and reasonable. (Emphasis added.)

However, this statute does not create an attorney's lien on settlement proceeds in absence of a contractual lien given by the client. Rather, this statute merely enables a client to give the attorney a contractual lien that, under certain conditions, must be satisfied out of the settlement proceeds. One of the conditions is that the fee agreement must be fair and reasonable. Another condition is that the contract that created the lien still be in force at the time the settlement is procured. If the attorney breaches the contract that created the lien, sec. 757.36, Stats., does not create an alternate lien on the settlement proceeds. We therefore conclude that the trial court correctly denied McBride's claim for a lien on the settlement proceeds.

*By the Court.*—Judgment affirmed.